**Exhibit A**: Eric Enger's August 26, 2024, Letter to Charter.

> ERIC J. ENGER  
> PARTNER  
> (713) 221-2016  
> EENGER@HPCLLP.COM
>
> August 26, 2024
>
> Via Email  
> Christopher L. Larson  
> FENWICK & WEST LLP  
> 555 California Street, 12th Floor  
> San Francisco, CA 94104  
> clarson@fenwick.com
>
> Re: Defendants' document production in *Iarnach Technologies Ltd. v. Charter Communications, Inc., et al.*, Case No. 2:24-cv-230-JRG (E.D. Tex.)
>
> Counsel:
>
> I write on behalf of my client, Iarnach Technologies Ltd., concerning Defendants Charter Communications, Inc.; Charter Communications Holding Company, LLC; Charter Communications Operating, LLC; Spectrum Management Holding Company, LLC; and Spectrum Gulf Coast, LLC (collectively, "Defendants") document production. The Discovery Order in this case requires that Defendants produce, "without awaiting a discovery request," "the disclosures required by the Patent Rules for the Eastern District of Texas" and "all documents, electronically stored information, and tangible things in the possession, custody, or control of Defendants that are relevant to the pleaded claims or defenses involved in this action." Dkt. No. 52 at 2-3. However, in order to assist Defendants in complying with its disclosure obligations, Iarnach sets forth below a non-exhaustive list of categories of documents it deems to be relevant to this case.[1] The exclusion of any category or description from the list below should not be used as basis for withholding otherwise relevant documents. And to the extent that any relevant documents are subject to third party confidentiality obligations, Iarnach requests that Defendants promptly take all necessary steps to obtain any required third party consent to produce the documents.
>
> 1. Documents sufficient to identify all of Your Relevant Products.
>
> 2. For each Relevant Product, Documents and information sufficient to show in detail the operation of the Accused Functionality, including, but not limited to source code (with comments), instructions, schematics, design documents, specifications, block diagrams, flowcharts, technical datasheets, engineering analysis and testing, engineering notebooks, training manuals, circuit diagrams, white papers, and operation documents.

**Exhibit B**: Eric Enger's September 18, 2024, Letter to Charter.

> ERIC J. ENGER  
> PARTNER  
> (713) 221-2016  
> EEnger@hpcllp.com
>
> September 18, 2024
>
> VIA EMAIL
>
> Christopher L. Larson  
> Fenwick & West LLP  
> 555 California Street, 12th Floor  
> San Francisco, CA 94104  
> clarson@fenwick.com
>
> Re: Charter's Patent L.R. 3-4(a) document production in *Iarnach Technologies Ltd. v. Charter Communications, Inc., et al.*, Case No. 2:24-cv-230-JRG (E.D. Tex.)
>
> Dear Chris:
>
> I write to address deficiencies in Charter's recent Patent L.R. 3-4(a) document production.
>
> Patent L.R. 3-4(a) requires Charter to produce "source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the [Iarnach] in its P. R. 3-1(c) charts." Yet Charter's Patent L.R. 3-4(a) document production consisted of just 41 documents—none of which detail the accused functionality relating to OLT and ONU configuration/reconfiguration and multicast encryption that Iarnach identified in its infringement claim charts.

**Exhibit C**: Carlos Ruiz's October 30, 2024, Letter to Charter.

> CARLOS I. RUIZ
> ASSOCIATE
>
> (713) 221-2006
> cruiz@hpcllp.com
>
> October 30, 2024
>
> **VIA EMAIL**
>
> Christopher L. Larson
> Fenwick & West LLP
> 555 California Street, 12th Floor
> San Francisco, California 94104
> clarson@fenwick.com
>
> Re:  *Iarnach Technologies Ltd. v. Charter Communications, Inc.*, Case No. 2:24-cv-230-JRG (E.D. Tex.): Charter's Discovery Deficiencies
>
> Counsel,
>
> I write regarding Charter's deficient document production and responses to Iarnach's First Set of Interrogatories.
>
> Charter's document production remains deficient and in violation of both the Court's Discovery Order and Patent L.R. 3-4(a). On August 26, 2024, Iarnach sent Charter a letter identifying 98 categories of relevant documents that should be produced per the Court's Discovery Order requiring Charter to produce all relevant documents. Charter did not respond. On September 5, 2024 (the deadline to produce documents per Patent L.R. 3-4(a)), Charter produced just 41 documents. However, those documents did not satisfy Charter's obligations under either the Discovery Order or Patent L.R. 3-4(a). So on September 18, 2024, Iarnach sent Charter another letter explaining the deficiencies in its document production. Again, Charter did not respond. Now, nearly six weeks later, Charter has produced no additional documents detailing the accused functionality relating to OLT and ONU configuration/reconfiguration and multicast encryption that Iarnach identified in its infringement claim charts, per Patent L.R. 3-4(a). Nor has Charter produced relevant documents corresponding to most of the categories in Iarnach's initial letter, as required by the Discovery Order.

**Exhibit D**: Carlos Ruiz's November 15, 2024, Email to Charter.

> **From:** Carlos Ruiz <cruiz@hpcllp.com>
> **Sent:** Friday, November 15, 2024 8:54 AM
> **To:** Chris Larson <clarson@fenwick.com>; Saina Shamilov <sshamilov@fenwick.com>
> **Cc:** ddacus <ddacus@dacusfirm.com>; Charter Communications Iarnach Technologies <CharterCommunicationsIarnachTechnologies@fenwick.com>; Dorothy Walls-Stewart <dwalls-stewart@fenwick.com>; Amir Alavi <aalavi@aatriallaw.com>; Ryan Pinckney <rpinckney@aatriallaw.com>; Demetrios Anaipakos <danaipakos@aatriallaw.com>; Masood Anjom <manjom@aatriallaw.com>; Michael McBride <mmcbride@aatriallaw.com>; Steve Jugle <sjugle@aatriallaw.com>; Michael Heim <mheim@hpcllp.com>; Alden Harris <aharris@hpcllp.com>; Blaine Larson <blarson@hpcllp.com>; Eric Enger <eenger@hpcllp.com>; Lily Glick <lglick@hpcllp.com>; Allan Bullwinkel <abullwinkel@hpcllp.com>; Andrea Fair <andrea@wsfirm.com>; Iarnach TT <IarnachTT@hpcllp.com>; ITL- AATeam <itl-aateam@aatriallaw.com>
> **Subject:** Re: Iarnach v. Charter: Case No. 2:24-cv-00230 | Service of Charter 1st Supp. Responses & Objections to Iarnach Interrogatories 1-10
>
> ** EXTERNAL EMAIL **
>
> Chris, Saina,
>
> Please provide an update, including a date certain by which Charter intends to comply with Patent L.R. 3-7, and supplement Charter's interrogatory responses.
>
> Thanks,
> Carlos I. Ruiz

**Exhibit E**: Chris Larson's November 15, 2024, Email to Iarnach.

> From: Chris Larson <clarson@fenwick.com>
> Sent: Friday, November 15, 2024 5:00 PM
> To: Carlos Ruiz
> Cc: ddacus@dacusfirm.com; Charter Communications Iarnach Technologies; Saina Shamilov; Dorothy Walls-Stewart; Amir Alavi; Ryan Pinckney; Demetrios Anaipakos; Masood Anjom; Michael McBride; Steve Jugle; Michael Heim; Alden Harris; Blaine Larson; Eric Enger; Lily Glick; Allan Bullwinkel; Andrea Fair; Iarnach TT; ITL- AATeam
> Subject: RE: Iarnach v. Charter: Case No. 2:24-cv-00230 | Service of Charter 1st Supp. Responses & Objections to Iarnach Interrogatories 1-10
>
> ***This message originated outside of Heim, Payne & Chorush***
>
> Carlos,
>
> Defendants intend to supplement answers to Interrogatories 1, 2, and 4 by the end of next week (11/22). For the remaining information, we are working with our client to gather it, but with the upcoming holidays and vacations it will take us time to gather that information in detail. Accordingly, we intend to further supplement with that additional information after the holidays.
>
> Regards,
> Chris
>
> Chris Larson
> Fenwick | Associate | +1 415-875-2313 | clarson@fenwick.com | Admitted to practice in California and Colorado and registered to practice before the USPTO.

**Exhibit F**: Chris Larson's November 7, 2024, Letter to Iarnach.

> Christopher L. Larson
> clarson@fenwick.com | 415.875.2313
>
> November 7, 2024
>
> VIA EMAIL (CRUIZ@HPCLLP.COM)
>
> Carlos I. Ruiz
> Heim, Payne, & Chorush, LLP
> 609 Main Street, Suite 3200
> Houston, TX 77002
>
> Re: *Iarnach Technologies Ltd. v. Charter Communications, Inc., et al.,*
> E.D. Tex. Case No. 2:24-cv-00230-JRG
>
> Dear Carlos:
>
> I write in response to your letter dated October 30, 2024.
>
> As you are well aware, Charter does not manufacture the OLT and ONU equipment—which is at the heart of Iarnach's infringement contentions—nor does it design or develop their functionalities. Accordingly, documents about the design and functionalities of those devices are largely in possession of third parties manufacturing those devices. Indeed, Iarnach served subpoenas on those third parties and has begun receiving productions from those parties. **To that effect, please confirm that you have produced all communications with and documents from those third parties in connection with the subpoenas.**
>
> Local Patent Rule 3-4(a) requires only the production of documents "sufficient to show the operation" of the Accused Instrumentalities. Charter has located documents in its possession and has produced them. As its investigation identifies additional documents, Charter will produce them pursuant to Fed. R. Civ. P. 26(e) and the effective Discovery Order (Dkt. No. 52). To be clear, Charter is not withholding any relevant technical documents.

**Exhibit G**: Carlos Ruiz's November 9, 2024, Email to Charter.

> From: Carlos Ruiz <cruiz@hpcllp.com>
> Sent: Saturday, November 9, 2024 3:44 PM
> To: Chris Larson <clarson@fenwick.com>; Saina Shamilov <sshamilov@fenwick.com>; Dorothy Walls-Stewart <dwalls-stewart@fenwick.com>; Amir Alavi <aalavi@aatriallaw.com>; Ryan Pinckney <rpinckney@aatriallaw.com>; Demetrios Anaipakos <danaipakos@aatriallaw.com>; Masood Anjom <manjom@aatriallaw.com>; Michael McBride <mmcbride@aatriallaw.com>; Steve Jugle <sjugle@aatriallaw.com>; Michael Heim <mheim@hpcllp.com>; Alden Harris <aharris@hpcllp.com>; Blaine Larson <blarson@hpcllp.com>; Eric Enger <eenger@hpcllp.com>; Lily Glick <lglick@hpcllp.com>; Allan Bullwinkel <abullwinkel@hpcllp.com>; Andrea Fair <andrea@wsfirm.com>; Iarnach TT <IarnachTT@hpcllp.com>; ITL- AATeam <itl-aateam@aatriallaw.com>
> Cc: ddacus <ddacus@dacusfirm.com>; Charter Communications Iarnach Technologies <CharterCommunicationsIarnachTechnologies@fenwick.com>
> Subject: RE: Iarnach v. Charter: Case No. 2:24-cv-00230 | Service of Charter 1st Supp. Responses & Objections to Iarnach Interrogatories 1-10
>
> ** EXTERNAL EMAIL **
> Saina, Chris,
>
> Thank you for the call on Friday.
>
> During the call, we expressed frustration with Charter's deficient document production—especially Charter's technical document production showing how the relevant functionality of the Accused DPoE v2.0 Networks function with respect to the asserted claims. This was due on September 5, 2024 per Patent L.R. 3-4(a). We explained again that we need all the source code and/or scripts that show how Charter programs its DPoE v2.0 Networks—third party documents showing mere product capabilities are insufficient. Please make sure that resolving this issue remains priority number one for you and your client. While we understand the unfortunate situation faced by Mr. Boglioli, we ask that you and Charter find alternative sources of information and documents to make sure that Charter promptly complies with its discovery obligations. It is not acceptable for a company the size of Charter to "bottleneck" an entire technical production based on a single person.

**Exhibit H**: Charter's Website, https://corporate.charter.com/about-charter (accessed on November 21, 2024).

