IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IARNACH TECHNOLOGIES LTD., <br> *Plaintiff*, <br> v. <br> CHARTER COMMUNICATIONS INC., *et al.*, <br> *Defendants*. | § <br> § <br> § <br> § CIVIL ACTION NO. 2:24-CV-00230-JRG <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Transfer Under 28 U.S.C. § 1404(a), or in the Alternative, Motion to Dismiss for Improper Venue Under 12(b)(3) and Failure to State a Claim Under 12(b)(6) (the "Motion") filed by Defendants Charter Communications, Inc. ("CCI"), Charter Communications Operating, LLC ("CCO"), Charter Communications Holding Company, LLC ("CCHC"), Spectrum Management Holding Company, LLC ("SMHC"), and Spectrum Golf Coast, LLC ("SGC" and collectively with CCI, CCO, CCHC, and SMHC, "Defendants" or "Charter").[1] (Dkt. No. 31.) In the Motion, Defendants request that the Court transfer the above-captioned case to the District of Colorado. (*Id*. at 1.) Having considered the Motion, all associated briefing, and the documents submitted in support thereof, the Court finds that the Motion should be **DENIED**.

**I.    INTRODUCTION**

Plaintiff Iarnach Technologies Ltd. ("Plaintiff" and with Defendants, the "Parties") accuses Defendants of infringing U.S. Patent Nos. 8,942,378; 9,674,035; and 9,287,982 (collectively, the "Asserted Patents"), each of which is generally directed to passive optical networks. (Dkt. No. 43

---

[1] The Court denied Defendants' requests to dismiss the case under Rules 12(b)(3) and 12(b)(6) as moot and carried the request to transfer under 28 U.S.C. § 1404(a). (Dkt. No. 46 at 2.)

¶¶ 12, 47–112.) Specifically, Plaintiff alleges that Defendants' optical equipment infringes the Asserted Patents by implementing Data Over Cable Service Interface Specification Provisioning of Ethernet Passive Optical Network version 2.0 networks and network services. (*Id*. ¶¶ 55, 75, 99.)

Defendants filed this Motion on June 24, 2024. (Dkt. No. 31.) In the Motion, Defendants request that the Court transfer the above-captioned case to the District of Colorado. (*Id*. at 1.) Soon thereafter, the Court ordered venue discovery. (Dkt. No. 46.) The deadline to complete such discovery was extended several times upon the Parties' requests. (Dkt. Nos. 70, 86, 96, 98.)

## II.     LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). To show that a case "might have been brought" in the proposed transferee forum, the movant must demonstrate that venue would have been proper for every party. *In re SK hynix Inc.*, 847 Fed. Appx. 847, 852 (Fed. Cir. 2021) (holding that the "district court properly focused on whether the present action 'might have been brought' against" all defendants); *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148–49 (5th Cir. 1984) ("Ordinarily transfer of a suit against multiple defendants is proper only if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court."), *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans, La., on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987); *see also Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960).

2

In patent cases, a Section 1404(a) analysis "turns on whether venue in the [transferee district] would have been proper under [28 U.S.C.] § 1400(b) had the[] case[] been filed in that district." *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1375–76 (Fed. Cir. 2021). Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

### III.  ANALYSIS

In the Motion, Defendants briefly contend that the case could have been brought in the District of Colorado. (Dkt. No. 31 at 4.) Defendants argue that (1) "Defendant CCHC 'has a regular and established place of business' in Colorado as it leases or owns the Denver campus and thus can be sued there," and (2) "[t]he remaining Defendants consent to jurisdiction in the District of Colorado." (*Id.*)

Taking Defendants' second argument first, they cannot establish that this case could have been brought in the District of Colorado through consent. *Sonus Networks, Inc. v. Metaswitch Networks Ltd.*, No. 2:18-cv-00057-RWS, 2019 U.S. Dist. LEXIS 234453, at *7 (E.D. Tex. Mar. 27, 2019) ("whether venue would be proper in the [transferee district] depends on the statutory venue requirements, not on [the movant's] consent"). Section 1404(a) authorizes transfer to a district only when "*all* parties have consented." 28 U.S.C. § 1404(a) (emphasis added). Since Plaintiff has not consented to the District of Colorado, Defendants' consent is irrelevant. *See SK hynix*, 847 Fed. Appx. at 853 (upholding district court denial of transfer where less than "all parties have consented to venue" in the transferee district because the plaintiff objected to the transferee district). The Court must therefore determine whether the above-captioned action "might have been brought" in the District of Colorado.

To determine whether the above-captioned action "might have been brought" in the District of Colorado, the Court must find either that each Defendant (1) resides in that District, or (2) has "committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Regarding the first prong, no Defendant contends that it resides in the District of Colorado. (*See* Dkt. Nos. 31 at 4, 101 at 2–3.)

Regarding the second prong, Defendants admit that "CCI, CCO, CCHC, and SMHC are Delaware corporations with places of business in either Stamford, Connecticut (CCI) or St. Louis, Missouri (CCO, CCHC, SMHC)." (Dkt. No. 31 at 2.) While Defendants allege that "CCHC 'has a regular and established place of business' in Colorado as it leases or owns the Denver campus and thus can be sued there" (Dkt. No. 31 at 4), Defendants are silent as to the "regular and established place of business" for the remaining Defendants. Indeed, Defendants only argue that (1) they consent to jurisdiction in Colorado, and (2) "if Iarnach could sue these defendants in this district, it could also sue them in the District of Colorado." (*Id.*) First, "consent" is insufficient to allege "a regular and established place of business." Second, Defendants' argument that "if it is good enough for Texas, it is good enough for Colorado" has been repeatedly rejected as an improper attempt to shift the burden to the non-movant. *Fundamental Innovation Sys. Int'l LLC v. LG Elecs., Inc.*, No. 2:16-cv-01425-JRG-RSP, 2018 WL 279091, at *3 (E.D. Tex. Jan. 3, 2018) (rejecting the movant's argument that "if it is good enough for Texas, it is good enough for New Jersey"), *objs. overruled*, 2018 WL 837711 (E.D. Tex. Feb. 13, 2018), *pet. denied In re LG Elecs., Inc.*, No. 2018-134, 2018 U.S. App. LEXIS 39409 (Fed. Cir. Apr. 24, 2018). On this basis alone, Defendants cannot show that this action could have been brought in the District of Colorado.

Additionally, Defendants fail to allege in the Motion that they have committed any acts of infringement in Colorado. While the Court does not fault Defendants for not admitting that they

4

infringe, the Court does find that Defendants' failure to allege in the Motion that they commit *alleged* acts of infringement in Colorado is an independent basis for determining that this action could not have been brought in the District of Colorado. At most, Defendants state that "[t]he accused technology is designed, developed, and maintained on the 'Denver Campus'" (Dkt. No. 31 at 4 (citing Dkt. No. 31-28 ¶¶ 5–6, 8)), but Defendants do not attribute any alleged acts of infringement to a particular Defendant. While Defendants attempt to cure this deficiency in their reply brief by introducing new evidence (Dkt. No. 101 at 3), they are prohibited from doing so. *Fundamental*, 2018 WL 837711, at *2 ("A defendant seeking transfer cannot provide a cursory statement regarding the threshold jurisdictional burden, then wait for a plaintiff to challenge that statement, and only then come forward with more.").

Finally, Defendant SGC specifically cannot carry its burden of showing that venue is proper in the District of Colorado. According to Defendants' declarant, Mr. Daniel Boglioli, "SGC is an indirect majority-owned subsidiary of CCI . . . that provides the Accused Products/Services to, and receives revenue from, customers in Texas." (Dkt. No. 31-29 ¶¶ 12–13.) As Plaintiff correctly argues, Mr. Boglioli testified that SGC "has no places of business in Colorado and has not committed acts of infringement in Colorado." (Dkt. No. 99 at 4.) Indeed, Mr. Boglioli testified as follows:

> **Q**. Does Spectrum Gulf Coast provide the accused products/services to any customers in Colorado?
> **A**. No.
> **Q**. Does Spectrum Gulf Coast own or lease any building or facility in Colorado?
> **A**. No.

(Dkt. No. 99-3 at 90:23–91:4.)

Defendants do not substantively dispute that SGC (1) has not committed any alleged acts of infringement in Colorado, and (2) does not have a regular and established place of business in

5

Colorado. (Dkt. No. 101 at 2–3.) Instead, Defendants' argument relies upon this Court's holding in *Entropic Communications, LLC v. Charter Communications, Inc.*, No. 2:22-cv-00125-JRG, Dkt. No. 91 (E.D. Tex. May 3, 2023) (the "*Entropic* Order"), in which this Court denied a motion to dismiss for improper venue. (*See* Dkt. No. 46 at 2 (incorporating by reference the *Entropic* Order and its reasoning).) Defendants' reliance upon the *Entropic* Order is misplaced.

In *Entropic*, the Court considered a different question than that presented in the Motion currently before the Court. There, the Court considered whether venue is proper *in this District* as to *CCI*. The Court found that venue was proper by attributing SGC's places of business in this District to CCI because CCI, the parent entity, exerted sufficient control over its subsidiary, SGC. *Entropic* Order at 4–6. Specifically, the Court found that

> Charter[2] operates stores and provides services in this District under its brand name, Spectrum. The fact that the name of the corporate entity (Charter) behind the brand name (Spectrum) is not the same as the name as the brand is irrelevant because the two names represent the one and same entity. Charter cannot escape venue by operating under a trade name when it is clear that Charter is the entity engaged in the challenged conduct which forms the basis of Plaintiff's suit. The retail stores in this District are thus physical, geographical locations in the district from which the business of Charter is carried out.

*Id*. at 6 (cleaned up).

The Court's holding in *Entropic* that venue in this District is proper as to CCI does not compel a finding here that venue in the District of Colorado is proper as to SGC. It is undisputed that SGC has no allegedly infringing sales or places of business in Colorado. It would make little sense to impute the actions of CCI, the parent company, to SGC, the subsidiary, in the District of Colorado. Defendants offer no explanation for why the Court should do so, other than the Court's statement from the *Entropic* Order that "Charter is Spectrum, and Spectrum is Charter." (Dkt. No. 101 at 2.) However, this quotation in isolation fails to capture the context of the Court's prior

---

[2] In the *Entropic* Order, the Court referred to CCI as "Charter." *Entropic* Order at 1.

holding. Accordingly, the Court relies upon the evidence of record in this case to find that venue is not proper as to SGC in the District of Colorado.

Since Defendants cannot carry their burden on the threshold issue of showing that venue would be proper in the District of Colorado as to all Defendants, the Court need not consider the private and public interest factors. The Court finds that transfer should be denied.[3]

## IV.   CONCLUSION

For the reasons noted above, the Court finds that the Motion (Dkt. No. 31) should be and hereby is **DENIED**. The Court further finds that Plaintiff Iarnach Technologies Ltd.'s Cross-Motion to Strike the Declaration of Daniel Boglioli (Dkt. No. 95 at 7–11) should be and hereby is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 14th day of February, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] Defendants have not requested that the Court sever and transfer any claims or Defendants. However, even if Defendants had requested such relief, the Court finds severance and transfer inappropriate because it would require the same issues (*i.e.*, infringement accusations against the same products) to be litigated in two forums.